1  KARIN G. PAGNANELLI (SBN 174763)
     kgp@msk.com
2  MARC E. MAYER (SBN 190969)
     mem@msk.com
3  MARK C. HUMPHREY (SBN 291718)
     mxh@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
5  Los Angeles, CA  90067-3120
   Telephone: (310) 312-2000
6  Facsimile: (310) 312-3100

7  Attorneys for Defendant StarFortune
   Interactive Entertainment Co. Ltd.
8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                          WESTERN DIVISION

12 | VOYAGERONE PTE. LTD., a | CASE NO. 2:25-cv-04730-SVW-AGR
   | Singapore corporation, |
13 |                        | Judge: Hon. Stephen V. Wilson
   |     Plaintiff,         |
14 |                        | **NOTICE OF MOTION AND**
   |     v.                 | **MOTION OF STARFORTUNE**
15 |                        | **INTERACTIVE**
   | STARFORTUNE INTERACTIVE | **ENTERTAINMENT CO. LTD. TO**
16 | ENTERTAINMENT CO. LTD., a Hong | **DISMISS COMPLAINT**
   | Kong limited corporation, | **PURSUANT TO FED. R. CIV. P.**
17 |                        | **12(b)(6); MEMORANDUM OF**
   |     Defendant.         | **POINTS IN AUTHORITIES**
18 |                        |
   |                        | [(Proposed) Order filed concurrently
19 |                        | herewith]
   |                        |
20 |                        | Time:     1:30 pm
   |                        | Date:     September 8, 2025
21 |                        | Location: Courtroom 10A
22 |                        | Filed: May 23, 2025

Mitchell
Silberberg &
Knupp LLP
20864414.3

**MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 8, 2025, in the courtroom of the Honorable Stephen V. Wilson of the United States District Court for the Central District of California, 350 West First Street, Courtroom 10A, Los Angeles, California 90012, at 1:30 pm, or as soon thereafter as the matter may be heard, Defendant StarFortune Interactive Entertainment Co. Ltd. ("StarFortune") shall and hereby does move this Court for an order to dismiss Counts II and III of Plaintiff VoyagerOne Pte. Ltd.'s ("Plaintiff" or "VoyagerOne") Complaint.

Defendant's Motion pursuant to Fed. R. Civ. P. 12(b)(6) is made on the grounds that Plaintiff's Count II for Vicarious Copyright Infringement and Count III for Contributory Copyright Infringement fail to state claims upon which relief can be granted, because neither meets the Federal pleading standards set forth by Fed. R. Civ. P. 8, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Specifically, while Plaintiff is seeking to allege claims for secondary liability for copyright infringement against StarFortune, it has failed to identify anywhere in its Complaint any infringing conduct undertaken by third parties which StarFortune purportedly either benefited from financially and did not stop despite having the ability to do so, or which StarFortune knowingly and materially contributed to.

This Motion will be based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and orders in the Court's files for this case, any matters on which the Court may or must take judicial notice and/or that are incorporated by reference via the pleadings, any reply that is filed in support of this Motion, any argument presented at the hearing on this Motion, and any other matters the Court deems proper.

This Motion is made following the conference of counsel, held pursuant to Local Rule 7-3, which took place on July 22, 2025.

| | | |
|---|---|---|
| DATED: July 30, 2025 | | KARIN G. PAGNANELLI<br>MARC E. MAYER<br>MARK H. HUMPHREY<br>MITCHELL SILBERBERG & KNUPP LLP<br><br>By: */s/ Karin G. Pagnanelli*<br>    Karin G. Pagnanelli (SBN 174763)<br>    Marc E. Mayer (SBN 190969)<br>    Mark C. Humphrey (SBN 291718)<br>    Attorneys for StarFortune Interactive<br>    Entertainment Co. Ltd. |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................... 6

II. ALLEGATIONS OF THE COMPLAINT ................................................ 6

III. LEGAL STANDARD ................................................................................ 8

IV. ARGUMENT ............................................................................................. 9

    A. Plaintiff Has Failed To Plead Plausible Claims for Secondary Liability ............................................................................................. 9

        1. Vicarious Infringement ........................................................... 9

        2. Contributory Infringement .................................................... 11

V. CONCLUSION ....................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................8

*Atieh v. Riordan*,
   727 F.3d 73 (1st Cir. 2013) ......................................................................................9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................8

*Browne v. Donalds*,
   2024 WL 3468898 (C.D. Cal., May 28, 2024).......................................................11

*Epic Tech, LLC v. Raleigh Startup Solutions LLC*,
   2023 WL 9051298 (E.D.N.C. Dec. 29, 2023)................................................. 10, 11

*Klauber Bros., Inc. v. H & M Hennes & Mauritz LP*,
   2018 WL 6985316 (C.D. Cal. Dec. 11, 2018).........................................................9

*Matlean v. Fed. Hous. Fin. Agency*,
   2019 WL 2620716 (C.D. Cal. May 24, 2019).........................................................8

*Perfect 10, Inc. v. Visa Intern. Service Ass'n*,
   494 F.3d 788 (9th Cir. 2007) ..................................................................................10

*Sound and Color, LLC v. Smith*,
   2023 WL 2821881 (C.D. Cal., Feb. 28, 2023)...........................................6, 9, 11

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d
   1187 (9th Cir. 2001) .................................................................................................8

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure
   8 ..............................................................................................................................6, 8
   8(a)(2) ........................................................................................................................8
   12(b)(6) ......................................................................................................................8

Mitchell Silberberg & Knupp LLP
20864414.3

5
**MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff VoyagerOne Pte. Ltd.'s ("Plaintiff" or "VoyagerOne") claims for vicarious and contributory copyright infringement are not cognizable under the law. As the Court is well aware, secondary liability claims are intended to hold a defendant liable if it is shown to have somehow enabled and benefited from another person's or entity's copyright infringement. It is axiomatic, then, that "secondary liability for copyright infringement does not exist in the absence of direct infringement by a ***third party***." *See Sound and Color, LLC v. Smith,* 2023 WL 2821881, at *16 (C.D. Cal., Feb. 28, 2023) (citation omitted) (emphasis in original).

VoyagerOne fails to satisfy this necessary condition to both claims. The vicarious infringement claim makes vague reference to "infringing activities" undertaken by StarFortune Interactive Entertainment Co. Ltd.'s ("StarFortune") customers, which Plaintiff claims StarFortune benefited from and did not stop despite having the ability to. However, VoyagerOne does not identify anywhere in the Complaint just what those "infringing activities" were. Worse, in the contributory infringement claim, Plaintiff does not mention any third parties at all, and the allegations suggest that StarFortune can be held liable both for directly infringing Plaintiff's games ***and*** for contributing to ***its own*** infringement of those games. A defendant, of course, "cannot be secondarily liable for their own direct infringement." *Sound and Color, LLC*, 2023 WL 2821881, at *16.

This is not a close call. These are exactly the types of implausible claims that Rule 8 and the *Twombly/Iwbal* standard are meant to keep out of court. Accordingly, these claims should be dismissed.

## II.  ALLEGATIONS OF THE COMPLAINT

VoyagerOne is a Singapore-based company that produces, develops, distributes and markets mobile video games. Compl. ¶ 11. Among the games

released by VoyagerOne are *Mafia City* and *The Grand Mafia*, released in 2016 and 2019 respectively. *Id.* ¶¶ 17-18. *Mafia City* and *The Grand Mafia* are mobile video games in which players take control of crime bosses who are seeking to build and expand their criminal empires. *See id.* ¶¶ 30-67. Players do this by building bases and structures, managing resources, engaging in combat, and expanding their controlled territory. *See id.* In tandem, players advance through multiple storylines chronicling the rise of their characters within the criminal underworld. *See id.*

The Complaint alleges that on June 27, 2024, StarFortune, a Hong Kong corporation, launched *Zoo City*, which VoyagerOne claims "rips off" *Mafia City* and *The Grand Mafia*. *Id.* ¶¶ 12, 68, 71. Subsequently, VoyagerOne filed this lawsuit in May 2025, asserting a claim for copyright infringement against StarFortune, which is the only defendant in this case.[1] In general, the Complaint alleges that *Zoo City* copies character designs, settings, scenarios, and various gameplay elements from *Mafia City* and *The Grand Mafia*. *See id.* ¶¶ 71-85.

The Complaint also asserts claims against StarFortune for vicarious and contributory copyright infringement. *Id.* ¶¶ 100-108. The vicarious infringement claim is based on the conclusory allegation that StarFortune "enjoys a direct financial benefit from the copyright infringement within Zoo City" but fails to control such infringement even though it "has the right and ability to supervise its customers' infringing activities." *Id.* ¶¶ 102-103. The Complaint does not identify the purported "infringing activities" undertaken by StarFortune's customers.

The contributory infringement claim alleges that StarFortune "has been and continues to be aware of – and has been and continues to contribute to – the infringement of Plaintiff's copyrights through Zoo City." *Id.* ¶ 106. The Complaint further alleges that "StarFortune prominently displays and promotes the infringing content in Zoo City" and that "StarFortune creates and distributes Zoo City to

---

[1] VoyagerOne has not named any Doe defendants in this lawsuit.

consumers and facilitates the financial transactions associated with in-game purchases." *Id.* The contributory infringement claim contains no allegations of conduct undertaken by any third parties, nor does it mention any third parties at all.

### III.   LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

In order to defeat a Rule 12(b)(6) motion, the complaint must provide enough factual detail to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original). The complaint also "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 570).

When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Matlean v. Fed. Hous. Fin. Agency*, 2019 WL 2620716, at *2 (C.D. Cal. May 24, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). But a court does not need to accept as true any "legal conclusion couched as a factual allegation[.]" *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted). Nor does it need to make "unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden*

*State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

## IV. ARGUMENT

### A. Plaintiff Has Failed To Plead Plausible Claims for Secondary Liability

The plausibility requirement in Federal pleading is "a screening mechanism designed to weed out cases that do not warrant either discovery or trial." *Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013). The Court should utilize that mechanism here, because while it is well established that "secondary liability for copyright infringement does not exist in the absence of direct infringement by a ***third party***," VoyagerOne has failed to specifically allege in its claims for vicarious and contributory infringement any third-party conduct that StarFortune purportedly facilitated or benefited from. *See Sound and Color, LLC,* 2023 WL 2821881, at *16 (citation omitted) (emphasis in original). For this reason, in addition to other related defects, the Court should dismiss both claims.

#### 1. Vicarious Infringement

VoyagerOne does not allege any third-party conduct in connection with its vicarious infringement claim beyond a cryptic reference to unspecified "infringing activities" purportedly undertaken by StarFortune's customers. Compl. ¶ 103. StarFortune can only speculate what this conclusory statement means because the Complaint contains no other allegations of any conduct undertaken by StarFortune's customers. Absent such allegations, a claim for vicarious infringement cannot proceed. *See Klauber Bros., Inc. v. H & M Hennes & Mauritz LP*, 2018 WL 6985316, at *6 (C.D. Cal. Dec. 11, 2018) ("the Court agrees[] that Plaintiff's claim for vicarious and/or contributory copyright infringement should be dismissed because Plaintiff has failed to identify direct infringement by some third party, as required for this claim.").

In addition, VoyagerOne fails to satisfy the elements of a vicarious infringement claim, which requires a plaintiff to allege plausibly that the defendant has (1) the right and ability to supervise infringing conduct of a third party and (2) a direct financial interest in the infringing activity. *Perfect 10, Inc. v. Visa Intern. Service Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007). Plaintiff contends that StarFortune enjoys a "direct financial benefit from the copyright infringement within Zoo City," because StarFortune generates revenue from in-game purchases, and because the "infringing content" draws additional customers to Zoo City, leading to further increased revenue. Compl. ¶ 102. But Plaintiff does not specify what the "copyright infringement within Zoo City" is, nor who undertakes it (and if Plaintiff is alleging that StarFortune's customers undertake such infringement, Plaintiff does not explain how).

Moreover, Plaintiff alleges that StarFortune has "the right and ability to supervise its customers' infringing activities through, among other means, blocking customers' access to Zoo City and making Zoo City available or unavailable to download." Compl. ¶ 103. This is not nearly enough to show a supervisory relationship over StarFortune's customers and whatever infringing activity it is that Plaintiff alleges they have undertaken. Indeed, the allegations merely parrot the elements of vicarious infringement and are unsupported by any non-conclusory facts. Furthermore, in an analogous case, the court dismissed a vicarious copyright infringement claim in which it found that similar allegations relating to end users failed to plausibly allege a supervisory relationship. *Epic Tech, LLC v. Raleigh Startup Solutions LLC*, 2023 WL 9051298, at *5 (E.D.N.C. Dec. 29, 2023) (finding that plaintiffs' allegations that defendant had "'the right and ability to supervise the infringing activity of [end users]' and he [had] 'an obvious and direct financial interest in the infringement of [plaintiff's] copyrights'" failed to plausibly allege a supervisory relationship.). The same result should issue here.

### 2. Contributory Infringement

VoyagerOne's contributory infringement claim is even more deficient, as it fails to allege that StarFortune (1) has knowledge of a third party's infringing activity, and (2) induces, causes, or materially contributes to the infringing conduct. *Browne v. Donalds*, 2024 WL 3468898, at *21 (C.D. Cal., May 28, 2024). The claim consists entirely of the following:

> StarFortune has been and continues to be aware of – and has been and continues to contribute to – the infringement of Plaintiff's copyrights through Zoo City. StarFortune prominently displays and promotes the infringing content in Zoo City. StarFortune creates and distributes Zoo City to consumers and facilitates the financial transactions associated with in-game purchases.

Compl. ¶ 106. Absent again is any reference to third-party conduct, much less any third parties at all. The only possible explanation based on the pleaded facts is that VoyagerOne is contending that StarFortune is **both** a direct infringer and a vicarious infringer, because it benefits from its own direct infringement. But that is simply not possible, because "*a defendant cannot be secondarily liable for their own direct infringement*." *Sound and Color, LLC*, 2023 WL 2821881, at *16. (emphasis added).

Moreover, Plaintiff's allegations consist of no more than conclusory facts, and are hardly sufficient to satisfy the pleading standard for showing how StarFortune **intentionally** induces or encourages third party infringement. *See Epic Tech, LLC*, 2023 WL 9051298, at *4-5 (dismissing contributory infringement claim premised on end user's use of defendant's software).

Accordingly, there is no plausible cause of action for contributory infringement that can be gleaned from these allegations, and so it should be dismissed as well.

## V. CONCLUSION

For the foregoing reasons, StarFortune respectfully requests that the Court grant this Motion.

DATED: July 30, 2025

KARIN G. PAGNANELLI
MARC E. MAYER
MARK H. HUMPHREY
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Karin G. Pagnanelli*
Karin G. Pagnanelli (SBN 174763)
Marc E. Mayer (SBN 190969)
Mark C. Humphrey (SBN 291718)
Attorneys for StarFortune Interactive Entertainment Co. Ltd.

### Certificate of Compliance Pursuant to L.R. 11-6.2.

The undersigned, counsel of record for StarFortune Interactive Entertainment Co. Ltd., certifies that this brief contains 1,826 words, which complies with the word limit of L.R. 11-6.1.

DATED: July 30, 2025

*/s/ Karin G. Pagnanelli*
Karin G. Pagnanelli