Agustin Dorian Orozco (CA SBN 271852)
AOrozco@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 41st Flr.
Los Angeles, California 90071
Telephone: 213.622.4750

Jacob Canter (CA SBN 324330)
JCanter@crowell.com
CROWELL & MORING LLP
Three Embarcadero Center, 26th Flr.
San Francisco, California 94111
Telephone: (415) 986-2800

Preetha Chakrabarti (admitted pro hac vice)
PChakrabarti@crowell.com
Suzanne Giammalva (admitted pro hac vice)
SGiammalva@crowell.com
Corey Benjamin Hirsch (admitted pro hac vice)
CHirsch@crowell.com
CROWELL & MORING LLP
Two Manhattan West. 375 9th Ave.
New York, New York 10001
Telephone: 212.223.4000

Elissa Tenenbaum (admitted pro hac vice)
ETenebaum@crowell.com
CROWELL & MORING LLP
300 N. LaSalle Drive
Suite 2500
Chicago, Illinois 60611
Telephone: (312) 321-4200

Attorneys for Plaintiff VoyagerOne Pte. Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VoyagerOne Pte. Ltd., a Singapore corporation<br><br>Plaintiff,<br><br>v.<br><br>StarFortune Interactive Entertainment Technology Co., Ltd. a Hong Kong limited corporation, and StarUnion Interactive Entertainment Technology Co., Ltd.,<br><br>Defendants. | Case No. 2:25-cv-4730-SVW-AGR<br><br>Hon. Stephen V. Wilson<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Filed: May 23, 2025<br>FAC Filed: August 18, 2025 |

By and through their attorneys of record, as set forth below, Plaintiff VoyagerOne Pte. Ltd., a Singapore corporation and Defendant StarFortune Interactive Entertainment Technology Co., Ltd. a Hong Kong limited corporation (each a "Party", together, the represented "Parties"), have agreed to and have

submitted to the Court, and for good cause shown the Court hereby enters, the following Stipulated Protective Order:

## **PURPOSES AND LIMITATIONS**

1.      This Order shall govern the disclosure of materials designated as Confidential Material in this litigation. Confidential Material, as used in this Order, shall refer to any document or item designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,", including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material. Nothing in this Order shall require any Party to produce any specific documents or category of documents which a Party deems inappropriate for production.

2.      Discovery in this Action, initiated by the Court's Civil Trial Preparation Order (ECF Dkt. No. 58) on December 18, 2025, is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate, and petition the Court, to enter the following Stipulated Protective Order (the "Order"), to be used in combination with the Court's Civil Trial Preparation Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

//

//

## GOOD CAUSE STATEMENT

3.    This Action is likely to involve trade secrets, intellectual property, customer and revenue data and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, software development files and readouts (including, but not limited to, syntax and semantics, data types and structures, file libraries and frameworks, material, sprite, and texture assets, user interfaces, and debugging or other testing methods), or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## DEFINITIONS OF CONFIDENTIAL MATERIAL

4.1.    **Action**: The lawsuit filed in the Central District Court of California entitled *VoyagerOne Pte. Ltd., a Singapore corporation v. StarFortune Interactive*

*Entertainment Technology Co., Ltd. a Hong Kong limited corporation, and StarUnion Interactive Entertainment Technology Co., Ltd.*, Case No.: 2:25-cv-4730-SVW-AGR.

4.2 **Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3 **"CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" Information or Items**: Confidential Material, as used in this Order, consists of the following materials and categories of materials:

a. Materials relating to any privileged, confidential, or non-public information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure (Fed. R. Civ. P.) and any applicable case law interpreting Fed. R. Civ. P. R. 26(c)(1)(G); contracts; non-public compilations of retail prices; proprietary information; vendor agreements; personnel files; claim/litigation information; and non-public policies and procedures shall be deemed CONFIDENTIAL.

b. Materials containing corporate trade secrets, competitively sensitive non-public research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public; information obtained from a Non-Party pursuant to a non-disclosure agreement; highly-sensitive non-public software development files and readouts, and customer-related Protected Data shall be deemed HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

c. Protected Data shall refer to any information that a Party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information).

4.4    **Counsel**: Outside Counsel, Counsel of Record and House Counsel (as well as their support staff).

4.5    **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

4.6    **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

4.7    **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.8    **House Counsel**: attorneys who are employees of a Party to this Action and acting in a legal capacity. House Counsel does not include Outside Counsel, Counsel of Record, or any other outside counsel.

4.9    **Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

4.10    **Outside Counsel**:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action, including support staff

4.11    **Counsel of Record**: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, including support staff.

4.12    **Party**: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

4.13 **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.14 **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.15 **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

4.16 **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

**SCOPE**

5.    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**DURATION**

6.    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

//

//

## **DESIGNATING PROTECTED MATERIAL**

7.     The Parties shall not designate as confidential information that is already public knowledge. The Parties agree that such Confidential Material as described above should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

7.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the inapplicable designation.

7.2     Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of section 7.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated

before the material is disclosed or produced. Designation in conformity with this Stipulated Protective Order requires:

a.     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.     for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

c.     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the

exterior of the container or containers in which the information is stored the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

**CLAWBACK PROVISIONS**

8.    This order is entered pursuant to, and shall be interpreted to provide the maximum protection allowed by, Rule 502(d) of the Federal Rules of Evidence ("FRE"), and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

8.1    Subject to the provisions of this Order, if a Party or Non-Party (the "Disclosing Party") makes a disclosure, whether inadvertent or otherwise, of information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or subject to work product protection ("Protected Information"), that disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture – in this or any other federal or state proceeding – of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter. The Parties hereby expressly intend to exempt the Disclosing Party from any obligation to satisfy the requirements of FRE 502(b), including any

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-

[PROPOSED] STIPULATED PROTECTIVE ORDER;
CASE NO.  2:25-CV-4730-SVW-AGR

requirement to demonstrate that the disclosure was inadvertent or that the holder of the privilege or protection took reasonable steps to prevent disclosure.

8.2    Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

8.3    When a Producing Party gives notice to Receiving Parties that certain produced material is Protected Information , the obligations of the Receiving Parties are those set forth in Fed. R. Civ. P. R. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. This notification process shall in no way relieve a Receiving Party of its independent duty to notify a Disclosing Party of the production of Protected Information that the Receiving Party knows or reasonably should know was produced. Pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence, insofar as the Parties reach any further agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in a stipulated protective order submitted to the court.

8.4    If the Receiving Party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the Receiving Party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the Producing Party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the Producing Party of the information.

8.5    A Producing Party must give written notice to any Receiving Party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (clawback request). After a clawback request

is received, the Receiving Party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose. The Parties shall meet and confer regarding any clawback request.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

9.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the court's Scheduling Order, and failure to do so shall not preclude a subsequent challenge thereto.

9.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. and/or the Court's Civil Trial Preparation Order, whichever is most appropriate for the substance of the dispute.

9.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## ACCESS TO AND USE OF PROTECTED MATERIAL

10.     A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action reaches a Final Disposition, a Receiving Party must comply with the provisions of section 13 below.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-11-

[PROPOSED] STIPULATED PROTECTIVE ORDER;
CASE NO. 2:25-CV-4730-SVW-AGR

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

10.1 Disclosure of "CONFIDENTIAL" information or items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only:

a. to the Receiving Party's Outside Counsel and Counsel of Record in this Action, as well as employees of said Outside Counsel and Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b. to the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c. to Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d. to the court and its personnel;

e. to court reporters and their staff;

f. to professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

g. to the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h. during their depositions, to witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing Party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.

Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

i.    to any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

10.2    Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information or items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" to the Court, its staff, Outside Counsel, and Counsel of Record for each Party, the secretarial clerical, and paralegal staff of each, and consulting and testifying experts retained by a Party in this Action.

10.3    Unauthorized Disclosure of Protected Material. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**PROTECTED    MATERIAL    SUBPOENAED    OR    ORDERED PRODUCED IN OTHER LITIGATION**

11.    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-13-

[PROPOSED] STIPULATED PROTECTIVE ORDER;
CASE NO.  2:25-CV-4730-SVW-AGR

a.      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b.      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c.      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

12.    The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

12.1   Notification. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the

Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

a. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

b. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c. make the information requested available for inspection by the Non-Party, if requested.

12.2 <u>Conditions of Production</u>. If the Non-Party fails to seek a protective order from this court within seven (7) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**MISCELLANEOUS**

14.1 Modification; <u>Right to Further Relief</u>. This Protective Order may be modified only by written agreement of the parties or further order of the Court and is without prejudice to the rights of any party or third party to seek modification, or additional or different relief from the Court not specified in this Protective Order.

<u>14.2</u> <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to

object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

14.3    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by this Court.

## FINAL DISPOSITION

15.    After the Final Disposition of this Action, which shall be deemed to be the later of (1) dismissal with prejudice of all claims and defenses in this Action, or (2) final judgment after completion of all appeals, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in paragraph 5.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-16-

[PROPOSED] STIPULATED PROTECTIVE ORDER;
CASE NO. 2:25-CV-4730-SVW-AGR

## WILLFUL VIOLATION

16.     Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

[PROPOSED] STIPULATED PROTECTIVE ORDER;
CASE NO.  2:25-CV-4730-SVW-AGR

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

Dated: January 23, 2026                    CROWELL & MORING LLP


By: */s/ Jacob Canter*
    Agustin Dorian Orozco
    Preetha Chakrabarti
    Jacob Canter
    Suzanne Giammalva
    Corey Benjamin Hirsch
    Elissa Tenenbaum

*Attorneys for Plaintiff*
*VoyagerOne Pte. Ltd.*


Dated: January 23, 2026                    MITCHELL SILBERBERG & KNUPP LLP,


By: */s/ Mark C. Hunphrey*
    Karin G. Pagnanelli (SBN 174763)
    Marc E. Mayer (SBN 190969)
    Mark C. Humphrey (SBN 291718)
    Attorneys for StarFortune Interactive
    Entertainment Co. Ltd.


      IT IS SO ORDERED


DATED: January 26, 2026                    BY: _____
                             HON.   ALICIA   G.   ROSENBERG
                             United States Magistrate Judge

CROWELL
& MORING LLP
ATTORNEYS AT LAW

[PROPOSED] STIPULATED PROTECTIVE ORDER;
CASE NO. 2:25-CV-4730-SVW-AGR

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [**date**] in the case of *VoyagerOne Pte. Ltd., a Singapore corporation v. StarFortune Interactive Entertainment Technology Co., Ltd. a Hong Kong limited corporation, and StarUnion Interactive Entertainment Technology Co., Ltd.*, Case No.: 2:25-cv-4730-SVW-AGR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

CROWELL
& MORING LLP
ATTORNEYS AT LAW

EXHIBIT A - [PROPOSED] STIPULATED PROTECTIVE ORDER;
CASE NO. 2:25-CV-4730-SVW-AGR